Mary R. **DOHERTY**

v.

**SYLVANIA PENSION PLAN FOR HOURLY EMPLOYEES.**

**Civ. A. No. 69–1057.**

United States District Court,
D. Massachusetts.

April 3, 1970.

**1332**

James M. Geary, Jr., Chelmsford, Mass., for plaintiff.

John M. Harrington, Jr., Ropes & Gray, Boston, Mass., for defendant.

### OPINION

CAFFREY, District Judge.

This is a civil action brought pursuant to the provisions of 29 U.S.C.A. § 301 et seq. Jurisdiction of this court is based on 29 U.S.C.A. § 308. The matter came before the court on cross-motions for summary judgment. There is no dispute between the parties as to the following facts:

Plaintiff is and for some time has been an employee of Sylvania Electric Company, serving as an hourly employee at its Woburn, Massachusetts, plant. Since December of 1953, she has been a par-

ticipant in the Sylvania pension plan for hourly employees. The complaint recites that on June 16, 1969, plaintiff made formal demand for, and defendant failed and refused to provide, an adequate summary of the annual report. At the oral argument of the motions, counsel for plaintiff waived Prayer 1, which sought an order compelling defendant to provide plaintiff with an adequate summary of the latest Annual Report of the Pension Plan as required by 29 U.S.C.A. § 307(a)(2), and advised the Court that subsequent to the filing of the suit an adequate summary had been delivered to plaintiff by defendant.

The issues to be resolved on the cross-motions are whether plaintiff is entitled to any relief under Sec. 308(b), which provides:

"Any administrator of a plan who fails or refuses, upon the written request of a participant or beneficiary covered by such plan, to make publication to him within thirty days of such request, in accordance with the provisions of section 307 of this title, of a description of the plan or an annual report containing the information required by sections 305 and 306 of this title, may in the court's discretion become liable to any such participant * * * in the amount of $50 a day from the date of such failure or refusal."

Counsel for plaintiff orally advised the Court that plaintiff seeks to recover the $50 a day penalty for the period from July 16, 1969 to October 31, 1969, when concededly an adequate report was supplied. Plaintiff also seeks to recover counsel fees.

The determinative ruling in the case is whether or not the correspondence on file establishes that plaintiff made a proper demand under Section 307(a)(2), which provides, in pertinent part:

"The administrator shall deliver upon written request * * * a copy of the description of the plan (including all amendments or modifications thereto upon their effective date) and

an adequate summary of the latest annual report * * *."

I rule that plaintiff's letter of June 16, 1969 (Exhibit A to defendant's answer), which recites, in pertinent part:

"I hereby make a formal demand for an accounting of what was paid out to employees or others for any reason in each year, and what the total assets of the plan amounted to in each of these years," etc.

was not a proper demand within the statute. I further rule that plaintiff's letter of August 5, 1969 (Exhibit C to defendant's answer) likewise was not a proper demand within the statute. Both of these communications sought considerable information above and beyond what is provided for in Section 307(a) (2).

I further rule, on the basis of Exhibit E to the defendant's answer, which has not been controverted in any way, that defendant did not understand or consider either Exhibit A or Exhibit C as requesting the statutorily required information. In any event, at oral argument plaintiff made no claim that she in fact has been damaged in any way by whatever delay was involved in obtaining the desired reports. The strongest representation made as to any injury to her is the statement in plaintiff's brief (at p. 4), "the plaintiff in the present case may have sustained an economic injury

* * *"

On the record before me, I find that the first proper demand on defendant was contained in the complaint filed October 3, 1969, and that within thirty days therefrom defendant supplied the required information, and consequently I decline to afford any discretionary relief to plaintiff herein, who has neither alleged nor offered to show any damages, having in mind that whatever delay was involved in her obtaining the appropriate reports was caused by the nature of the correspondence which emanated from plaintiff. Cf. Harrold v. Coble, 261 F. Supp. 29 (M.D.N.C., 1966), aff'd. 380 F.2d 18 (4 Cir., 1967).

Accordingly, plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is allowed.